**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Thomas R. LAWRENCE, Defendant–**
**Appellant.**

No. 05–1070.

United States Court of Appeals,
Tenth Circuit.

March 25, 2005.

John W. Suthers, U.S. Attorney, Kathleen M. Tafoya, James C. Murphy, Robert

M. Russel, Office of the United States Attorney, Denver, CO, for Plaintiff–Appellee.

David C. Japha, Law Offices of David Japha, P.C., Denver, CO, for Defendant–Appellant.

Before EBEL, KELLY, and MURPHY, Circuit Judges.

### ORDER AND JUDGMENT*

PER CURIAM.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Thomas R. Lawrence appeals a district court decision denying release pending appeal. We affirm.

In 2002, Lawrence was convicted of wire fraud and related offenses and sentenced to 72 months' imprisonment. His appeal from that conviction is pending before this court. *See United States v. Lawrence,* —— F.3d ——, No. 02–1259, 2005 WL 906582 (10th Cir. April 20, 2005).

Relying primarily on the Supreme Court's decision in *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), Lawrence maintains that his appeal from his conviction is likely to result in a reduction of his sentence to a term less than the expected duration of the appeal. *See* 18 U.S.C. § 3143(b)(1)(B)(iv) (providing for release pending appeal if the defendant can show, among other factors, that he has raised a claim on appeal that is "likely to result in ... a reduced sentence to a term of im-

prisonment less than the total of the time already served plus the expected duration of the appeal process"). We disagree. In *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the Supreme Court declared the Federal Sentencing Guidelines constitutionally infirm under *Blakely* and provided, as a remedy for this infirmity, that district courts should treat the Guidelines as advisory rather than binding. *See Booker,* 125 S.Ct. at 749–50, 764–65. Consequently, even if the district court committed plain error under *Blakely* (a question we need not decide in this proceeding), *Booker* would permit the court to reimpose the same sentence on remand. *See United States v. Rodriguez,* 398 F.3d 1291, 1300–01 (11th Cir.2005). We therefore cannot say that it is likely that Lawrence's appeal from his conviction is likely to result in a reduction of his sentence.

For these reasons, the judgment of the district court is affirmed.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.